**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

KEITH FRAZIER,

     Plaintiff - Appellant,

v.

P. FLORES, 2 Unit Manager, CCCF;
INFANTE, Case Manager, CCCF;
JANSSEN, Correctional Officer;
CARDENIAS, Sergeant, CCCF; FRY,
Case Manager, CCCF: M. MILLER,
Warden, CCCF.

     Defendants - Appellees.

No. 15-1237
(D.C. No. 1:14-CV-02600-CMA-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

    Keith Frazier appeals the district court's dismissal of his civil rights complaint.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

During the events relevant to this case, Frazier was an inmate at the Crowley Correctional Facility. In two separate searches, one in October 2013 and a second in May 2014, prison officials seized a number of items from Frazier's cell. Frazier alleges that these seizures violated his due process and equal protection rights, and were undertaken in retaliation for his prior exercise of First Amendment rights.

Pursuant to its screening function under 28 U.S.C. § 1915A, the district court dismissed Frazier's due process and equal protection claims as frivolous. A magistrate judge recommended that Frazier's retaliation claim against Paul Flores, a unit manager at the correctional facility, be dismissed for failure to state a claim. The district court adopted that recommendation. Frazier timely appealed.

# II

We review de novo the district court's decision to dismiss a complaint as frivolous under § 1915A(b) if the dismissal is based on a legal issue. See Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). We apply the same standard in reviewing a dismissal for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Because Frazier is proceeding pro se, we construe his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Frazier alleges that his due process rights were violated when his property was seized. We agree with the district court that this due process clam fails because

2

Frazier did not allege the absence of an adequate state remedy. "[N]either negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." Gillihan v. Shillinger, 872 F.2d 935, 939 (10th Cir. 1989), overruled on other grounds by Clark v. Wilson, 625 F.3d 686, 691 (10th Cir. 2010). Frazier asserts that prison officials had a de facto policy of unlawfully seizing property and thus the existence of state remedies is immaterial. However, as we noted in a prior appeal filed by Frazier, "individual correctional officers' alleged practice of arbitrarily seizing inmates' property with scant justification is not the type of 'established state procedure'" that requires a pre-deprivation hearing. Frazier v. Flores, 571 F. App'x 673, 676 (10th Cir. 2014) (unpublished) (quoting Parratt v. Taylor, 451 U.S. 527, 541 (1981)).

With respect to the equal protection claim, Frazier's sole argument is that the district court erred in failing to provide him an opportunity to amend. However, Frazier does not direct us to any district court filing, under Fed. R. Civ. P. 15 or otherwise, in which he sought leave to amend. Having failed to request permission to amend, Frazier cannot now complain that the district court denied a non-existent request. See Brannon v. Boatmen's First Nat'l Bank, 153 F.3d 1144, 1150 (10th Cir. 1998) (failure to attempt an amendment at the trial level waives the issue on appeal).

Lastly, we affirm the district court's ruling that Frazier failed to state a First Amendment retaliation claim. "An inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of [his] constitutional rights."

3

<u>Peterson v. Shanks</u>, 149 F.3d 1140, 1144 (10th Cir. 1998). And a plaintiff must show "that but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." <u>Id.</u> (quotation omitted). Frazier's complaint contained very few allegations of personal participation by Flores in the alleged retaliation. <u>See</u> <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). And Frazier failed to allege particular facts suggesting these actions would not have occurred but for Frazier's protected activity.

### III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**. Frazier's motion to proceed in forma pauperis is **GRANTED**, but we remind him of his obligation to continue making partial payments until the fee has been paid in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4